IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| JOHN MEYER,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED HEALTHCARE<br>INSURANCE COMPANY;<br>BILLINGS CLINIC,<br><br>    Defendants. | CV 21-148-M-SEH<br><br><br><br>ORDER |

Pending before the Court is Plaintiff John Meyer's ("Meyer") Motion for Leave to file Second Amended Complaint.[1] Defendants United Healthcare Insurance Company ("United") and Billings Clinic oppose.[2] No reply brief was filed. The matter is fully briefed. The motion is denied.

## BACKGROUND

Meyer filed this action on December 21, 2021.[3] Defendants moved to dismiss.[4] On May 23, 2022, Meyer moved for an extension to respond.[5] It was

---

[1] Doc. 41.
[2] Docs. 47, 48.
[3] Doc. 1.
[4] Docs. 12, 16.
[5] Doc. 18.

granted.[6]  On June 6, 2022, Meyer filed an amended complaint[7] which Defendants moved to dismiss under Fed. R. Civ. P. 12(b)(6).[8]  The case was reassigned to this Court on September 27, 2023.[9]

On January 20, 2023, the Court granted Defendants' motions to dismiss in part.[10]  Counts I, III, and V, were dismissed.[11]  Counts II and IV survived.[12]  On January 31, 2023, Meyer moved for leave to file a second amended complaint.[13]  Defendants oppose.[14]

## LEGAL STANDARD

### I.   Leave to Amend

A party may amend once "as a matter of course" within the time limits set in Fed. R. Civ. P. 15(a)(1).  A party may amend later "only with the opposing party's written consent or the court's leave."[15]

If "the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, '[t]he district

---

[6] Doc. 20.
[7] Doc. 21.
[8] Docs. 22, 24.
[9] Doc. 34.
[10] Doc. 35.
[11] Doc. 35.
[12] Doc. 35.
[13] Doc. 41.
[14] Docs. 47, 48.
[15] Fed. R. Civ. P. 15(a)(2).

2

court's discretion to deny leave to amend is particularly broad.'"[16] The court should consider undue delay, a movant's bad faith, repeated failure to cure deficiencies by amendment, undue prejudice to non-movant, and futility of amendment in deciding whether leave to amend should be granted.[17]

## II.   Strike the Pleadings under Fed. R. Civ. P. 12(f)

The "court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter,"[18] it may do so "on its own,"[19] and may strike (1) immaterial matter "which has no essential or important relationship to the claim for relief or the defenses being pleaded;"[20] (2) impertinent "statements that do not pertain, and are not necessary, to the issues in question;"[21] and (3) scandalous matters "'that unnecessarily reflect[] on the moral character of an individual or state[] anything in repulsive language that detracts from the dignity of the court.'"[22]

---

[16] *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009).
[17] *Foman v. Davis*, 371 U.S. 178, 182 (1962).
[18] Fed. R. Civ. P. 12(f).
[19] Fed. R. Civ. P. 12(f)(1).
[20] *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal quotation marks omitted).
[21] *Id.*
[22] *Consumer Sols. REO, LLC v. Hillery*, 658 F. Supp. 2d 1002, 1020 (N.D. Cal. 2009) (quotation omitted).

## ANALYSIS

### I. Leave to Amend

Meyer seeks to revive his previously dismissed Racketeer Influenced and Corrupt Organization Act ("RICO") claim against both Defendants.[23] Defendants respond, *inter alia*, that Meyer's motion would be futile[24] and that the RICO claim is implausible.[25]

#### A. *Opportunities to Amend*

Meyer has filed both a complaint[26] and an amended complaint.[27] A district court's discretion in addressing a motion to amend is "particularly broad" if a plaintiff, as is the case here, has already amended the complaint.[28]

#### B. *Undue Prejudice*

A key factor in determining whether to grant a motion for leave to amend is whether amendment would result in undue prejudice to the non-moving party.[29] Delay by the moving party may lead to a court's denial if prejudicial to the non-moving party.[30]

---

[23] Doc. 41.
[24] Doc. 47.
[25] Doc. 48.
[26] Doc. 1.
[27] Doc. 21.
[28] *City of Los Angeles v. San Pedro Boat Works*, 635 F.3d 440, 454 (9th Cir. 2011).
[29] 3 *Moore's Federal Practice*, § 15.15[2] (Matthew Bender 3d Ed.); *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994).
[30] *United States v. Pend Oreille Pub. Util. Dist. No. 1*, 926 F.2d 1502, 1511 (9th Cir. 1991).

Meyer's amendment prejudices Defendants through his continued failure to properly plead the RICO claim. Meyer has long possessed the attached documents (bills and collections letters) sent to him. Facts related to the RICO claim have been in Meyer's possession for months, have not changed since the original complaint was filed, and could have been pleaded in the original complaint.

### C.   *Futility of Amendment*

"Futility alone can justify the denial of a motion for leave to amend,"[31] even if the party is pro se.[32] "Because futility essentially examines whether a statement of a claim has been made, the standards governing Rule 12(b)(6) [ ] apply."[33] An amendment is futile "if it merely restates the same facts as in the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss."[34] A Court may also deny a motion to amend if it presents "no new facts but only new theories and [the party] provide[s] no satisfactory explanation for his failure to fully develop his contentions originally."[35]

---

[31] *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004).
[32] *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).
[33] *Myers v. BAC Home Loans Servicing, LP*, 2013 WL 6231715 at *2 (D. Mont. Dec. 2, 2013).
[34] 3 *Moore's Federal Practice*, § 15.15[3] (Matthew Bender 3d Ed.).
[35] *Rocky Mount. Biologicals, Inc., v. Microbix Biosys., Inc.*, 986 F. Supp. 2d 1187, 1205 (D. Mont. 2013) (quoting *Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990) (denying motion to amend on futility grounds)).

The Court dismissed Meyer's RICO claim (Count V) that fell short of the required pleading standard under Fed. R. Civ. P. 9(b).[36] The factual allegations as made did not satisfy the elements of wire and mail fraud.[37]

Meyer's amendments did not change the substance of his claims nor allege any new supporting facts. The pleading deficiencies remain. The many documents attached to the proposed amended complaint are not shown to be connected to either United or Billings Clinic. Nor are they said to be in furtherance of the alleged wire and mail fraud scheme.

Meyer's proposed amended complaint fails to properly allege the requisite "racketeering activity"—mail and wire fraud. He alleges United committed fraud by billing him "out-of-network" rates for what he believes should have been "in-network."[38] Meyer failed to allege specific facts as to when United allegedly "allowed" him to be billed at out-of-network rates.

Rule 9(b) requires pleading of "the time, place, and manner of each predicate act," not simply conclusions consistent with liability.[39] None of the attached bills or letters were sent from United. Instead, they were sent by providers such as Missoula Anesthesiology, Missoula Bone and Joint, Missoula

---

[36] Doc. 35 at 12–13.
[37] Doc. 35 at 12–13.
[38] Doc. 42-1 at ¶ 124.
[39] *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991).

Radiology, and various collections agencies. Only one bill was sent by Billings Clinic.[40]

Meyer simply alleges he received certain bills and letters as evidence that United and Billings Clinic "allowed" these bills to be sent to him. Meyer even admits that "[s]ome of the collections bills do not describe the underlying service, when the service was performed, or where the service was performed."[41] He fails to connect how any of the bills or letters contributed or furthered the alleged scheme to defraud.

Additionally, Meyer alleges "United and Billings Clinic knowingly extorted and conspired to extort money from Meyer by allowing Missoula Community to bill him for services he did not owe after United had paid from some services."[42] "Extortion" is "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right."[43] The claim fails as a matter of pleading.

Meyer does not allege any facts of "actual or threatened force, violence, or fear." Rather he alleges that Billings Clinic allowed Missoula Community to bill

---

[40] Doc. 42-1 at 31.
[41] Doc. 42-1 at ¶ 119.
[42] Doc. 42-1 at ¶ 128.
[43] 18 U.S.C. § 1951(b)(2).

7

Meyer at out-of-network rates. This bare accusation is not enough to allege extortion as a predicate act.

## II. Strike the Pleadings

Billings Clinic also argues that Meyer's new allegations are made in bad faith and should be stricken.[44] It takes issue with Meyer's allegations regarding a Montana Medical Legal Panel ("MMLP") proceeding[45] and allegations made against its counsel that "are irrelevant and serve no purpose other than to demonstrate Meyer's bad faith."[46]

The allegations against Billings Clinic's counsel, Ian McIntosh and Mac Morris of Crowley Fleck,[47] are irrelevant, immaterial, and arguably made in bad faith by specifically mentioning opposing counsel by name to complain that the Crowley Fleck firm should have joined Meyer in a previous lawsuit against the firm's current client, Billings Clinic.

Meyer specifically asserts that "Mac Morris and Ian McIntosh of Crowley Fleck have a history of bringing vexatious litigation against Meyer on behalf of

---

[44] Doc. 48 at 26.
[45] *See* Doc. 42-1, ¶¶ 21-23, 28, 43, 56, 81, 99-100, 112, 114, 133, 152, 154-55.
[46] Doc. 48 at 26.
[47] Doc. 21 at ¶¶ 43–46.

their clients."[48] Such inappropriate assertions against opposing counsel have no place in proceedings before this Court. All are stricken.[49]

**ORDERED:**

1. The Motion for Leave to File a Second Amended Complaint[50] is **DENIED.**

2. Plaintiff shall strike paragraphs 43, 44, 45, and 46 of the Amended Complaint filed on June 6, 2022.[51]

**FURTHER ORDERED:**

2. Plaintiff shall, on or before March 29, 2023, refile the Amended Complaint in a form and content that removes allegations of inappropriate motive, action, or conduct by counsel for Billings Clinic.[52]

3. Notwithstanding the Court's order of February 3, 2023,[53] Billings Clinic and United shall file appropriate responses to the refiled Amended Complaint within 10 days of its filing date.

DATED this 22nd day of March, 2023.

*Sam E. Haddon*
Sam E. Haddon
United States District Court

---

[48] Doc. 21 at ¶ 45.
[49] Doc. 21 at ¶¶ 43–46.
[50] Doc. 41.
[51] Doc. 21.
[52] Doc. 21 at ¶¶ 43–46.
[53] Doc. 45.