IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| JOHN MEYER,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED HEALTHCARE INSURANCE COMPANY; BILLINGS CLINIC,<br><br>Defendants. | CV 21-148-M-SEH<br><br>ORDER |

## INTRODUCTION

Pending before the Court is Defendants' Motion to Dismiss and Motion for Sanctions.[1] On April 5, 2023, Plaintiff John Meyer ("Meyer") filed a notice of appeal seeking review of the Court's order of March 22, 2023, denying leave to file a second amended complaint.[2] This order addresses the jurisdictional impact of Meyer's Notice of Appeal.

## BACKGROUND

On December 21, 2021, the complaint was filed.[3] On May 23, 2022, Meyer

---

[1] Docs. 52, 54.
[2] Doc. 55.
[3] Doc. 1 ("Complaint").

moved for an extension to file a response to Defendants' motions to dismiss.[4] The Court granted a two-week extension of time to respond to Defendants' motions to dismiss.[5] On June 6, 2022, Meyer filed his first amended complaint.[6] Defendants United Healthcare Insurance Company ("United") and Billings Clinic moved to dismiss the first amended complaint under Fed. R. Civ. P. 12(b)(6).[7] The case was reassigned to this Court on September 27, 2023.[8]

On January 20, 2023, the Court partially granted Defendants' motions to dismiss.[9] Counts I, III, and V, were dismissed. Only counts II and IV survived. On January 31, 2023, Meyer moved for leave to file a second amended complaint.[10] Billings Clinic and United oppose the motion.[11] No reply was filed.

On March 22, 2023, the Court denied the motion for leave to file a second amended complaint.[12] The Court ordered Meyer to refile the June 6, 2022, Amended Complaint without paragraphs 43, 44, 45, and 46.[13]

On March 23, 2023, Meyer filed the June 6, 2022, Amended Complaint for

---

[4] Doc. 18 ("Motion to Extend Time to File Response to MTD").
[5] Doc. 20 ("Order Granting Extension to Respond").
[6] Doc. 21 ("Amended Complaint").
[7] Docs. 22, 24 ("Motions to Dismiss Amended Complaint").
[8] Doc. 34 ("Order Reassigning Case").
[9] Doc. 35 ("Order Granting in Part MTD").
[10] Doc. 41 ("Motion to File a Second Amended Complaint").
[11] Docs. 47, 48 ("Responses to Motion to File a Second Amended Complaint").
[12] Doc. 49 ("Order Denying Leave to File Second Amended Complaint").
[13] Doc. 49 at 9.

Declaratory and Injunctive Relief[14] without paragraphs 43, 44, 45, and 46.

On March 24, 2023, the Court ordered Defendants to respond to the Amended Complaint on or before April 3, 2023.[15] Additionally, the Court stated that Meyer "filed an Amended Complaint for Declaratory Judgment and Injunctive Relief in compliance with the Court's order of March 22, 2023."[16]

On April 3, 2023, Billings Clinic moved[17], under Fed. R. Civ. P. 41(b), to dismiss "with prejudice, and in its entirety, Plaintiff John Meyer's Amended Complaint for Declaratory and Injunctive Relief, filed on March 23, 2023."[18] Alternatively, Billings Clinic moves to dismiss, with prejudice, the Racketeer Influenced and Corrupt Organizations Act count (Count V), and its factual allegations.[19]

Additionally, Billings Clinic moves for sanctions against Meyer under 28 U.S.C. § 1927 or the Court's inherent authority for violating its orders.[20] At bottom, Billings Clinic asserts it "should not be required to respond to claims this Court has already dismissed."[21]

On April 5, 2023, Meyer filed a Notice of Appeal to appeal the Court's

---

[14] Doc. 50 ("Refiled Amended Complaint").
[15] Doc. 51 ("Order Directing Defendants to Respond").
[16] Doc. 51.
[17] Doc. 52 ("Motion to Dismiss and Motion for Sanctions").
[18] Doc. 53 at 6.
[19] Doc. 53 at 6.
[20] Doc. 53 at 6.
[21] Doc. 53 at 6.

3

March 22, 2023, order denying leave to file a second amended complaint.[22] On April 11, 2023, the Ninth Circuit issued a Time Schedule Order.[23]

On April 12, 2023, Plaintiff filed a response to Defendants' Motion to Dismiss and Motion for Sanctions stating due to the pending appeal, he "will delay filing a substantive response to Defendants' motions to dismiss until the Ninth Circuit decides the appeal, unless this Court orders otherwise."[24]

## DISCUSSION

### I. Notice of Appeal and District Court Jurisdiction

Generally, the act of filing a notice of appeal confers jurisdiction on an appellate court and divests the district court of jurisdiction over matters related to the appeal.[25] But this rule does not extend to deficient notices of appeal.[26] Rather:

> Where the deficiency in a notice of appeal, by reason of untimeliness, lack of essential recitals, or reference to a non-appealable order, is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction.[27]

---

[22] Doc. 55 ("Notice of Appeal").
[23] Doc. 56 ("Ninth Circuit Time Schedule Order").
[24] Doc. 57 at 2–3 ("Plaintiff's Response to Motion to Dismiss and Motion for Sanctions").
[25] *Gilda Industries, Inc. v. U.S.*, 511 F.3d 1348, 1350 (Fed. Cir. 2008) (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)).
[26] *Gilda Industries, Inc.*, 511 F.3d at 1350; *Rucker v. Dep't of Labor*, 798 F.2d 891, 892 (6th Cir.1986) ("As a general rule, a district court loses jurisdiction over an action when a party perfects an appeal unless that appeal is untimely, is an appeal from a non-appealable non-final order, or raises only issues that were previously ruled upon in that case by the appellate court."); *In re Grand Jury Proceedings*, 795 F.2d 226, 231 (1st Cir.1986) (same); *Arthur Andersen & Co. v. Finesilver*, 546 F.2d 338, 340–41 (10th Cir.1976) (same).
[27] *Ruby*, 365 F.2d at 389 (emphasis added).

4

If a party files a notice of appeal from an non-appealable order, the transfer of jurisdiction from the district court to the circuit court is not affected.[28] An appeal from an order that is neither final nor appealable does not divest the district court of jurisdiction over the action or the order challenged in the appeal.[29] "When a Notice of Appeal is defective in that it refers to a non-appealable interlocutory order, it does not transfer jurisdiction to the appellate court, and so the ordinary rule that the district court cannot act until the mandate has issued on the appeal does not apply."[30]

"If an appeal is taken from a non-appealable order the district court may proceed with the case as if the notice of appeal had not been filed."[31] "A district judge who concludes that an appeal is clearly frivolous may ignore the notice of appeal and proceed with the case as if the appeal had not been taken."[32]

The purpose of the exceptions to the rule that a notice of appeal transfers jurisdiction is to "signif[y] that when a litigant makes an improper interlocutory appeal, such action will not throw a monkey wrench into the machinery of our justice system. Instead, when an improper appeal is taken, the district court retains

---

[28] *Phillips v. Janda*, 2015 WL 669023 at 2 (S.D. Cal. Feb. 13, 2015) (citing *Griggs*, 459 U.S. at 58); *Ruby v. Secretary of the Navy*, 365 F.2d 385, 389 (9th Cir.1966) (en banc)); *United States v. Garner*, 663 F.2d 834, 838 (9th Cir.1981); *Estate of Conners v. O'Connor*, 6 F.3d 656, 658 (9th Cir.1993).
[29] *Estate of Conners*, 6 F.3d at 658; *Garner*, 663 F.2d at 837.
[30] *Nascimento v. Dummer*, 508 F.3d 905, 908 (9th Cir. 2007).
[31] 20 *Moore's Federal Practice*, § 303.32[2][b] (Matthew Bender 3d Ed.).
[32] 20 *Moore's Federal Practice*, § 303.32[2][b][C] (Matthew Bender 3d Ed.).

its jurisdiction to act on the case, and its extant orders must be followed by the litigants, at risk of grave sanctions."[33] The Court will address whether the Court's order of March 22, 2023, is an appealable order.

## II. Appealable Orders

Generally, circuit courts have jurisdiction to hear an appeal if it arises from a "final decision" of the district court.[34] A circuit court "shall have jurisdiction of appeals from all final decisions of the district courts of the United States."[35] A judgment is equivalent to the term "final decision" found in 28 U.S.C. § 1291. In sum, the Court's order of March 22, 2023, is not an appealable order.

### A. *Final Judgment Rule*

Circuit courts have jurisdiction over "appeals from all final decisions of the district courts."[36] "This statute is most often invoked as the basis for appellate jurisdiction over quintessential "final decisions," such as final judgments."

Under the "final judgment rule," the circuit court's jurisdiction is generally limited to reviewing the final decisions of the district court." The final judgment rule also furthers the strong interest in judicial efficiency and the avoidance of piecemeal appellate proceedings.[37] Under a more relaxed standard, "cases could be

---

[33] *Id.* at 910.
[34] 28 U.S.C. § 1291; *Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 627 (9th Cir. 2015).
[35] 28 U.S.C. §1291.
[36] 28 U.S.C. § 1291.
[37] *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009).

6

interrupted and trials postponed indefinitely as enterprising appellants bounced matters between the district and appellate courts."[38]

It is the duty of the trial court to determine whether its orders are "final" for purposes of appeal.[39] The usual test of appealability is whether an order terminates the litigation on the merits.[40] "Virtually all pretrial orders are nonfinal and thus not appealable."[41]

Here, the Court's denial of Plaintiff's motion for leave to file a second amended complaint is not immediately appealable. It is not a "final decision." The case is still in the pleading stage.[42] More than just "execut[ing] the judgment" remains. Two counts against both defendants remain. The Court did not dismiss the complaint in its entirety. The Court's order of March 22, 2023, did not "terminate [] the litigation on the merits" and is not a final decision.

### B. *Interlocutory Orders*

An appeal as of right may be taken from the following interlocutory orders: (1) an order granting, continuing, modifying, or refusing to grant an injunction; (2) certain orders in receivership proceedings; (3) interlocutory decrees determining

---

[38] *SolarCity Corp. v. Salt River Project Agric. Improvement & Power Dist.*, 859 F.3d 720, 723 (9th Cir. 2017) (citation omitted).
[39] *Frost v. Steyer*, 2017 WL 6001750, at *1 (N.D. Cal. Mar. 22, 2017) (citing *Ruby*, 365 F.2d at 388 (district court may disregard notices of appeal from non-appealable orders).
[40] *Catlin v. United States*, 324 U.S. 229, 233 (1945).
[41] 19 *Moore's Federal Practice*, § 201.14 (Matthew Bender 3d Ed.).
[42] Defendants have not yet answered.

the rights and liabilities of parties to admiralty cases; and (4) judgments in actions for patent infringement that are final except for accounting.[43]

Here, the Court's order of March 22, 2023, is not one of the above-referenced orders. As such, it is not an interlocutory order.

### C. *Collateral Order Doctrine*

Aside from "final decisions" and interlocutory orders, "a small set of prejudgment orders that are 'collateral to' the merits of an action and 'too important' to be denied immediate review" may be appealed.[44] This is known as the "collateral order doctrine."[45]

To fall within the limited scope of the collateral order doctrine, a district court order must: (1) be "conclusive" on the issue at hand, (2) "resolve important questions separate from the merits," and (3) be "effectively unreviewable" after final judgment.[46] These conditions are "stringent."[47] Stringent application of the final judgment rule avoids encroachment on the "special role" that district judges play as initial arbiters of "the many questions of law and fact that occur in the course of a trial."[48]

---

[43] 28 U.S.C. §§ 1292(a)(1), (2), (c)(2).
[44] *Mohawk Indus., Inc.*, 558 U.S. at 103 (quoting *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949)).
[45] *U.S. v. Acad. Mortg. Corp.*, 968 F.3d 996, 1002 (9th Cir. 2020).
[46] *Mohawk Indus., Inc.*, 558 U.S. at 106; *see Cohen*, 337 U.S. at 545–46.
[47] *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994).
[48] *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981).

Here, the Court's order of March 22, 2023, does not fall within the collateral order doctrine. Plaintiff is not cut off from appealing the Court's order once final judgment is entered. Plaintiff's appeal does not address "important questions separate from the merits."[49] Rather, the appeal relates to the merits of the case, i.e., Plaintiff's inability to properly plead certain claims.

## CONCLUSION

The Court concludes that its order of March 22, 2023, denying Plaintiff's motion for leave to file a second amended complaint is not an appealable order. Plaintiff's Notice of Appeal does not deprive the Court of jurisdiction to proceed with the case.

**ORDERED:**

1. The Court will proceed with the case as scheduled.

2. Plaintiff shall respond to Defendants' Motion to Dismiss and Motion for Sanctions[50] on or before **April 24, 2023**.[51]

DATED this 12th day of April, 2023.

Sam E. Haddon
United States District Court

---

[49] *Mohawk Indus., Inc.*, 558 U.S. at 106; *see Cohen*, 337 U.S. at 545–46.
[50] Doc. 52.
[51] L.R. 7.1(d)(1)(B)(i).