IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| JOHN MEYER,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED HEALTHCARE INSURANCE COMPANY; BILLINGS CLINIC,<br><br>Defendants. | CV 21-148-M-SEH<br><br>ORDER |

# INTRODUCTION

Pending before the Court is Defendant Billings Clinic's Combined Motion to Dismiss Amended Complaint and Motion for Sanctions filed April 3, 2023,[1] joined by Defendant United Healthcare Insurance Company ("United").[2] Plaintiff John Meyer's ("Meyer") motion for certification under Fed. R. Civ. P. 54(b), filed on April 19, 2023, is also pending.[3] All are opposed. All are fully briefed.[4] A hearing was held on June 1, 2023.[5]

---

[1] Doc. 52 ("Combined Motion to Dismiss and Motion for Sanctions").
[2] Doc. 54.
[3] Doc. 59 ("Motion for Rule 54(b) Certification").
[4] Docs. 62, 63, 65, 67.
[5] Doc. 72.

## BACKGROUND

The complaint was filed December 21, 2021.[6] Meyer moved for an extension to respond to Defendants' motions to dismiss on May 23, 2022.[7] A two-week extension was granted.[8]

On June 6, 2022, Meyer filed a first amended complaint.[9] Both defendants moved to dismiss under Fed. R. Civ. P. 12(b)(6).[10] Reassignment to this Court was ordered on September 27, 2023.[11]

On January 20, 2023, Defendants' motions to dismiss Counts I, III, and V, were granted.[12] Counts II and IV survived.[13]

On January 31, 2023, Meyer moved for leave to file a second amended complaint.[14] Defendants opposed.[15] Meyer did not reply.

The Court denied Meyer's motion for leave to file a second amended complaint on March 22, 2023,[16] and he was ordered to refile the June 6, 2022, Amended Complaint without paragraphs 43, 44, 45, and 46.[17] Meyer complied on

---

[6] Doc. 1 ("Complaint").
[7] Doc. 18 ("Motion to Extend Time to File Response to MTD").
[8] Doc. 20 ("Order Granting Extension to Respond").
[9] Doc. 21 ("First Amended Complaint").
[10] Docs. 22, 24 ("Motions to Dismiss Amended Complaint").
[11] Doc. 34 ("Order Reassigning Case").
[12] Doc. 35 ("Order Granting in Part MTD").
[13] Doc. 35.
[14] Doc. 41 ("Motion to File a Second Amended Complaint").
[15] Docs. 47, 48 ("Responses to Motion to File a Second Amended Complaint").
[16] Doc. 49 ("Order Denying Leave to File Second Amended Complaint").
[17] Doc. 49 at 9.

March 23, 2023.[18] On March 24, 2023, the Court ordered Defendants to respond to the Amended Complaint on or before April 3, 2023.[19]

On April 3, 2023, Billings Clinic moved,[20] under Fed. R. Civ. P. 41(b), to dismiss, with prejudice, the amended complaint filed March 23, 2023.[21] Alternatively, it moved to dismiss, with prejudice, the Racketeer Influenced and Corrupt Organizations Act ("RICO") claim (Count V), and its factual allegations contained in the March 23, 2023, complaint.[22]

Billings Clinic also moved for sanctions against Meyer under 28 U.S.C. § 1927 or the Court's inherent authority to sanction for violation of court orders.[23] Meyer's response to the sanctions motion argued that Billings Clinic itself should be sanctioned for "mischaracterizing the proposed Amended Complaint and misleading the Court."[24]

On April 5, 2023, Meyer filed a Notice of Appeal challenging the Court's March 22, 2023, order denying leave to file a second amended complaint.[25] On April 12, 2023, Meyer filed a response to Defendants' combined motion to dismiss and motion for sanctions stating that due to the pending appeal, he "will delay

---

[18] Doc. 50.
[19] Doc. 51 ("Order Directing Defendants to Respond").
[20] Doc. 52 ("Combined Motion to Dismiss and Motion for Sanctions").
[21] Doc. 53 at 6.
[22] Doc. 53 at 6.
[23] Doc. 53 at 6.
[24] Doc. 62 at 2.
[25] Doc. 55 ("Notice of Appeal").

3

filing a substantive response to Defendants' motions to dismiss until the Ninth Circuit decides the appeal, unless this Court orders otherwise."[26]

On April 12, 2023, the Court issued its order concluding (1) that Meyer's Notice of Appeal did not divest the district court of jurisdiction to proceed, and (2) that the Court would move ahead to address pretrial issues.[27] Meyer was directed to respond to Defendants' combined motion to dismiss and motion for sanctions by April 24, 2023.[28]

On April 19, 2023, Meyer moved for certification under Fed. R. Civ. P. 54(b) to enter judgment to allow immediate appeal of the Court's order of March 22, 2023.[29] On April 21, 2023, the Ninth Circuit dismissed Meyer's April 5, 2023, appeal for lack of jurisdiction.[30]

## LEGAL STANDARD

I.  **Motion to Dismiss**

   *A.  Fed. R. Civ. P. 41(b)*

Fed. R. Civ. P. 41(b) states, "[i]f the plaintiff fails to prosecute or to comply with rules or a court order, a defendant may move to dismiss the action or claim against it."[31] Dismissal under Rule 41(b) "operates as an adjudication on the

---

[26] Doc. 57 at 2–3 ("Plaintiff's Response to Motion to Dismiss and Motion for Sanctions").
[27] Doc. 58 at 9.
[28] Doc. 58 at 9.
[29] Doc. 59.
[30] Doc. 61 ("Ninth Circuit Dismissal Order").
[31] Fed. R. Civ. P. 41(b).

4

merits."[32]

The Court must weigh several factors in determining whether to dismiss a claim or case for failure to follow a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on the merits."[33]

"The first two [factors] . . . favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. The key factors are prejudice and availability of lesser sanctions."[34] A court may dismiss a case as a sanction if "at least four factors support dismissal, or where at least three factors 'strongly' support dismissal."[35]

### B.   Fed. R. Civ. P. 12(b)

Fed. R. Civ. P. 8(a)(2) requires "a short plain statement of the claim showing that the pleader is entitled to relief in order to give a defendant a fair notice of what the claim is and the grounds upon which it is based." "All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving

---

[32] Fed. R. Civ. P. 41(b).
[33] *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).
[34] *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir.1990).
[35] *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (cleaned up).

5

party" in assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6).[36]

A two-step analytical process for determining the sufficiency of pleadings under Rule 8 has been established.[37] First, the court determines which allegations are merely "labels and conclusions," "formulaic recitations," or "naked assertion[s]."[38] The reviewing court need not accept the truth of such allegations.[39] Second step requires the court to determine whether the remaining allegations, which the court must accept as true, "plausibly give rise to an entitlement to relief."[40]

## II. Sanctions

A Court may order an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously . . . to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."[41] "Sanctions pursuant to section 1927 must be supported by a finding of subjective bad faith."[42] "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an

---

[36] *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).
[37] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).
[38] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).
[39] *Id.*
[40] *Id.* at 679.
[41] 28 U.S.C. § 1927.
[42] *Blixseth v. Yellowstone Mountain Club, LLC*, 796 F.3d 1004, 1007 (9th Cir. 2015) (quoting *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir.1989)).

opponent."[43]

"Federal courts [also] possess certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'"[44] "That authority includes 'the ability to fashion appropriate sanction for conduct which abuses the judicial process."[45] A court may, as a sanction, "dismiss a case in its entirety, bar witnesses, exclude other evidence, award attorneys' fees, or assess fines."[46]

### III. Fed. R. Civ. P. 54(b)

Fed. R. Civ. P. 54(b) provides "[w]hen an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."[47] An order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties."[48]

To enter judgment under Fed. R. Civ. P. 54(b), the Court must first "determine that it has rendered a final judgment, that is, a judgment that is an

---

[43] *Id.* (quoting *New Alaska Dev. Corp.*, 869 F.2d at 1306).
[44] *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 360–31 (1962)).
[45] *Id.* (citation omitted).
[46] *American Unites for Kids v. Rousseau*, 985 F.3d 1075, 1088 (9th Cir. 2021).
[47] Fed. R. Civ. P. 54(b).
[48] Fed. R. Civ. P. 54(b).

ultimate disposition of an individual claim entered in the course of a multiple claims action."[49] Second, "it must determine whether there is any reason for delay."[50]

The Court is to consider "judicial administrative interests as well as the equities involved. Consideration of [judicial administrative interests] is necessary to assure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.'"[51] "Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims."[52]

Factors such as "whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals,"[53] may also be considered. Requests for judgment under Fed. R. Civ. P. 54(b) should not be granted "routinely."[54]

---

[49] *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005) (quoting *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7 (1980)) (cleaned up).
[50] *Id.*
[51] *Curtiss-Wright Corp.*, 446 U.S. at 8.
[52] *Id.*
[53] *Id.*
[54] *Id.* at 10.

8

## DISCUSSION

I. **Defendants' Combined Motion to Dismiss and Motion for Sanctions**

As noted above, Billings Clinic has moved to dismiss with prejudice Meyer's amended complaint refiled on March 23, 2023.[55] Alternatively, it has moved to dismiss, with prejudice, the RICO claim (Count V), and its factual allegations,[56] and has also moved for sanctions against Meyer for violating the Court's orders.[57] Billings Clinic argues it "should not be required to respond to claims this Court has already dismissed."[58]

Meyer did not violate the Court's order of March 22, 2023. The refiled amended complaint filed on March 23, 2023, was "*in compliance with* the Court's order of March 22, 2023."[59] Counts I, III, and V were dismissed.[60] Counts II and IV remained as viable claims pleaded.[61] Defendants' request for sanctions will be denied.

II. **Plaintiff's Motion for Fed. R. Civ. P. 54(b) Judgment**

Meyer has moved for Rule 54(b) certification for immediate appeal of the Court's order of March 22, 2023.[62] He contends that certification would avoid

---

[55] Doc. 53 at 6.
[56] Doc. 53 at 6.
[57] Doc. 53 at 6.
[58] Doc. 53 at 6.
[59] Doc. 51 (emphasis added).
[60] Doc. 35 13–14.
[61] Doc. 35 13–14.
[62] Doc. 59.

9

piecemeal litigation.[63] The request is denied.

No Rule 54(b) certification can be entered absent a judicial finding of "no just reason for delay."[64] The RICO claim, if asserted, would be grounded, at least in part, in the same factual allegations and legal theory pleaded in Counts II and IV.

In Count II, Meyer claims United violated ERISA and caused financial harm by misrepresenting Billings Clinic as an in-network provider while being billed out-of-network rates.[65] He relies on some of the same factual allegations as in the RICO claim to support Count II and that part of the proffered RICO claim, if pleaded, would assert United improperly billed Meyer out-of-network rates for in-network services at facilities owned by Billings Clinic.[66]

To support the Count II claim, Meyer asserts that "United caused Meyer financial harm by representing that Defendant Billings Clinic was an in-network provider while allowing medical services that were provided at and by a facility owned by Billings Clinic . . . to be billed as out-of-network."[67] Count II's factual allegations are intertwined with the RICO claim, are not "separable," and are not appropriate for Rule 54(b) certification.[68]

---

[63] Doc. 60.
[64] Fed. R. Civ. P. 54(b).
[65] Doc. 50 at ¶¶ 99–102.
[66] Doc. 50 at ¶¶ 54, 57, 59, 60.
[67] Doc. 50 at ¶ 101.
[68] *Curtiss-Wright Corp.*, 446 U.S. at 8.

10

In Count IV, Meyer claims Billings Clinic violated ERISA by facilitating a practice of "surprise billing" and that it participated in United's breach of fiduciary duty.[69] He asserts that Billings Clinic knew Meyer was receiving treatments at its facilities but that Billings Clinic, and United, were charging him out-of-network rates for work that should have been coded as in-network.[70] Meyer pleads the same "surprise billing" scheme against Billings Clinic in the RICO claim.[71] Count IV's factual allegations are intertwined with the RICO claim, are not "separable," and are not appropriate for Rule 54(b) certification.[72]

Entry of an appealable Rule 54(b) judgment is not warranted. The motion for entry of an appealable Rule 54(b) final judgment is denied.

**ORDERED:**

1. Defendants' Motion to Dismiss Amended Complaint[73] is **DENIED.**

2. Defendants' Motion for Sanctions[74] is **DENIED.**

3. The Motion for FRCP 54(b) Judgment[75] is **DENIED.**

4. Defendants Billings Clinic and United Healthcare Insurance Company shall, **on or before June 19, 2023,** answer the Amended Complaint for

---

[69] Doc. 50 at ¶¶ 108–121.
[70] Doc. 50 at ¶¶ 108–121.
[71] Doc. 50 at ¶¶ 59, 67, 73.
[72] *Curtiss-Wright Corp.*, 446 U.S. at 8.
[73] Doc. 52.
[74] Doc. 52.
[75] Doc. 59.

11

Declaratory and Injunctive Relief filed on March 23, 2023.[76]

DATED this 5th day of June, 2023.

*Sam E. Haddon*
Sam E. Haddon
United States District Court

---

[76] Doc. 50.