IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

JOHN MEYER,

        Plaintiff,

   vs.

UNITEDHEALTHCARE
INSURANCE COMPANY; and
BILLINGS CLINIC,

        Defendants.

CV 21–148–M–DLC

ORDER

Before the Court is Plaintiff John Meyer's Second Motion for Leave to File Second Amended Complaint.  (Doc. 100.)  Meyer seeks to: (1) add a Racketeer Influenced and Corrupt Organization Act ("RICO") class-action claim; (2) add Regional Care Hospital Partners Holdings, Inc. ("RCCH") as a defendant; and (3) convert existing Employee Retirement Income Security Act ("ERISA") claims to class-action claims.  (*Id.* at 1–2.)  Defendants UnitedHealthcare Insurance Company ("United") and Billings Clinic oppose the motion.  (Doc. 107.)  For the reasons discussed below, Meyer's motion is granted in part and denied in part.

## BACKGROUND

Meyer filed this action on December 21, 2021.  (Doc 41.)  Defendants moved to dismiss, (Docs. 12, 16), and Meyer subsequently filed his Amended

1

Complaint, (Doc. 21).  Defendants again moved to dismiss.  (Docs. 22, 24.)  The Court granted Defendants' motion to dismiss in part; Counts I, III and V, alleging ERISA and RICO violations, were dismissed while Counts II and IV, alleging ERISA claims under 29 U.S.C. § 1132(a)(1)–(3), survived.  (Doc. 35.)  Meyer then moved for leave to file a second amended complaint in an attempt to reallege his RICO claim.  (Doc. 41.)  The Court denied that motion after finding the RICO claim unduly prejudicial and futile.  (Doc. 49 at 4–8.)  The Court also ordered that Meyer strike paragraphs 43, 44, 45, and 46 of the operative Amended Complaint to remove "inappropriate assertions against opposing counsel [that] have no place in proceedings before this Court."  (*Id.* at 9.)

Meyer then filed a Notice of Appeal concerning this Court's order denying his motion for leave to file second amended complaint.  (Doc. 55.)  The Court *sua sponte* declared that its order denying leave to amend was not appealable and that Meyer's Notice of Appeal did not deprive the Court of jurisdiction to proceed with the case.  (Doc. 58 at 9.)  Meyer then filed a Rule 54(b) motion for final judgment, requesting that the Court certify "for immediate appeal the Court's orders dismissing the [RICO] claim and denying the motion to amend."  (Doc. 59 at 2.)  The Court denied Meyer's motion.  (Doc. 73.)

2

This matter was assigned to the undersigned on August 18, 2023.  (Doc. 106.)  A preliminary pretrial conference is scheduled for September 28, 2023. (Doc. 110.)  The Court has not yet entered a scheduling order in this matter.

LEGAL STANDARD

A party may amend its pleading once as a matter of course if within the time limits set in Rule 15(a)(1) of the Federal Rules of Civil Procedure.  A party may further amend its pleading "only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Such leave should be given freely "when justice so requires."  *Id.*  In deciding whether to allow amendment, the Court must consider five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint."  *Pfau v. Mortenson*, 858 F. Supp. 2d 1150, 1162 (D. Mont. 2012), *aff'd*, 542 F. App'x 557 (9th Cir. 2013).

DISCUSSION

As an initial matter, because Meyer previously amended his complaint, the Court has "particularly broad" discretion to deny leave to further amend.  *City of Los Angeles v. San Pedro Boat Works*, 635 F.3d 440, 454 (9th Cir. 2011).

## I.    RICO Claim

Once again, Meyer seeks to amend his complaint to reallege his previously dismissed RICO claim.  Meyer contends that he has addressed the pleading

deficiencies previously identified by the Court.  (*See* Docs. 101 at 5–7; 113 at 12.)
"Futility alone can justify the denial of a motion for leave to amend."  *Lopez v.
Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).  The Court finds that Meyer's RICO
claim is futile, and therefore, leave to amend is denied.

Meyer's RICO claim is futile for those same reasons previously discussed by
this Court.  The Court first dismissed Meyer's RICO claim, Count V of the original
complaint, because it fell short of the pleading standard under Fed. R. Civ. P. 9(b).
(Doc. 35 at 12–13.)  Specifically, the Court found that the factual allegations did
not satisfy the elements of wire and mail fraud—the primary racketeering activity
alleged by Meyer.  (*Id.*)  In denying Meyer's first attempt to reallege his RICO
claim, the Court found that "Meyer's amendments did not change the substance of
his claims nor allege any new supporting facts."  (Doc. 49 at 6.)  As the Court
explained, "Rule 9(b) requires pleading of 'the time, place, and manner of each
predicate act,' not simply conclusions consistent with liability."  (*Id.* (quoting
*Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir.
1991))).  The Court also concluded that Meyer failed to adequately allege that
Defendants had extorted him.  (*Id.* at 7.)

In the proposed second amended complaint now before the Court, Meyer
adds no new substantive allegations of fact or supporting documentation to bolster
his RICO claim.  Meyer references several paragraphs and pages that he claims

contain "new" facts.  (Doc. 101 at 5–7.)  These "new" facts are substantively identical to facts previously alleged and considered by the Court.[1]  Any new statements, (*see, e.g.*, Doc. 100-1 ¶ 132), do not ameliorate the insufficiencies in the pleading.   Nor does Meyer offer any substantively new information through the exhibits included with his motion.  *Compare* Doc. 100-1 at 37–62 *with* Doc. 42-1 at 31–79.  Accordingly, the Court finds Meyer's RICO claim remains futile and his motion for leave to amend is denied with respect to the RICO claim.

## II.   Addition of RCCH as a Defendant

Meyer alleges that RCCH "violated 29 U.S.C. § 1132(a)(3) by knowingly participating in Defendant United's breach of fiduciary duty" and "violated [RICO] by engaging in conduct of an enterprise through a pattern of racketeering activity that surprise-billed Plaintiff and caused injury."  (Doc. 100-1 at 34.)  For the reasons discussed above, the RICO allegation is futile and need not be addressed here.  However, the Court must consider whether the addition of RCCH as a defendant with regard to Meyer's ERISA claims should be permitted.

"Amending a complaint to add a party poses an especially acute threat of prejudice to the entering party."  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183,

---

[1] *Compare* Doc. 100-1 ¶ 35 *with* Doc. 42-1 ¶ 18; *compare* Doc. 100-1 ¶ 41 *with* Doc. 42-1 ¶¶ 155–56; *compare* Doc. 100-1 ¶¶ 79–82 *with* Doc. 42-1 ¶¶ 53–54; *compare* Doc. 100-1 ¶¶ 41, 85, 87 *with* Doc. 42-1 ¶¶ 100, 107–08; *compare* Doc. 100-1 ¶¶ 107–08 *with* Doc. 42-1 ¶¶ 79–81; *compare* Doc. 100-1 ¶¶ 130–31 *with* Doc. 42-1 ¶¶ 102–03; *compare* Doc. 100-1 ¶ 76 *with* Doc. 42-1 ¶ 50; *compare* Doc. 100-1 ¶ 84 *with* Doc. 42-1 ¶ 112; *compare* Doc. 100-1 ¶ 112 *with* Doc. 42-1 ¶ 85; *compare* Doc. 100-1 ¶ 121 *with* Doc. 42-1 ¶ 94; *compare* Doc. 100-1 ¶ 146 *with* Doc. 42-1 ¶ 116.

187 (9th Cir. 1987).  Accordingly, "[a]voiding prejudice to the party to be added . . . becomes [the Court's] major objective."  *Korn v. Royal Caribbean Cruise Line, Inc.*, 724 F.2d 1397, 1400 (9th Cir. 1984).  Although Meyer seeks to add RCCH as a defendant nearly two years after first filing this case and fails to provide any justification for this delay, undue delay, alone, is insufficient to justify denial of leave to amend.  *DCD Programs, Ltd.*, 833 F.2d at 186.  This matter is still in its early stages and the Court finds that adding RCCH at this point in time presents no acute threat of significant prejudice to RCCH.

In the context of adding a party through supplemental pleadings under Rule 15(d), the Supreme Court and Ninth Circuit have discussed the need for a showing of why the additional party is "necessary."  *See Griffin v. Cnty. Sch. Bd. of Prince Edward Cnty.*, 377 U.S. 218, 227 (1964); *Keith v. Volpe*, 858 F.2d 467, 476 (9th Cir. 1988).  Defendants encourage the Court to apply this same standard in weighing whether to permit the addition of RCCH under Rule 15(a).  (Doc. 107 at 17.)  However, the Court finds no support for the proposition that a party must be deemed "necessary" to allow their addition through an amendment under Rule 15(a).[2]  Accordingly, the Court grants Meyer leave to amend his complaint to add RCCH as a defendant.

---

[2] Rule 15(a) allows a party to amend a pleading to add claims, defenses, or parties.  Rule 15(d) allows a party to supplemental a pleading with "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."

6

### III.    Class-Action

Meyer also seeks to convert his surviving ERISA claims to class-action claims.  Meyer's proposed class definition includes:

> All persons who had a health insurance plan that was underwritten through UnitedHealth[care ]Insurance Company and were:
>
> A. sent bills for services performed at an in-network facility at out-of-network rates ("surprise billed"); or
>
> B. billed more than their maximum in-network or out-of-network deductible during any consecutive twelve-month period.

(Doc. 100-1 at 3.)   Defendants argue that "Meyer's proposed class allegations are patently futile" because the "proposed class is facially overbroad and has no chance of satisfying the prerequisites of Rule 23." (Doc. 107 at 20.)

Rule 23 of the Federal Rules of Civil Procedure governs class certification.  Although the Court may deem class certification futile at this stage, a motion for class certification is a more appropriate vehicle for arguments about class propriety; otherwise, the district court runs the risk of depriving the plaintiff of an opportunity to develop the claim through discovery.  *See Davidson v. O'Reilly Auto Enters., LLC*, 968 F.3d 955, 963 (9th Cir. 2020) (explaining that "a district court may abuse its discretion if it unreasonably applies rules in a way that deprives a party of an opportunity to present class allegations or a motion for class certification"); *see also*

7

*Wisdom v. Easton Diamond Sports, LLC*, 824 F. App'x 537, 538 (9th Cir. 2020) (holding that the district court abused its discretion by striking class allegations "on the pleadings, on the grounds that common questions either did not exist, or did not predominate over questions affecting individual class members"); *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) ("Although a party seeking class certification is not always entitled to discovery on the class certification issue, we have stated that . . . the better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action was maintainable." (internal quotation marks omitted)).

The Court finds that it would be premature to assess Meyer's purported class under Rule 23 at this stage because Meyer has not yet moved to certify the class. The Court further concludes that the remaining factors do not sufficiently weigh against granting Meyer's proposed class-action amendment. Accordingly, Meyer's motion is granted with respect to converting his ERISA claims to class-action claims.

## IV.   Inclusion of Previously Stricken Language

This Court previously struck paragraphs 43, 44, 45, and 46 from Meyer's Amended Complaint on the grounds that the statements contained therein were "irrelevant, immaterial, and arguably made in bath faith." (Doc. 49 at 8–9.) Yet,

in his proposed second amended complaint, Meyer includes language previously found in paragraph 44.  *Compare* Doc. 21 ¶ 44 *with* Doc. 100-1 ¶ 57.  Meyer is directed to remove this language from his Second Amended Complaint prior to filing.

Accordingly, IT IS ORDERED that the motion (Doc. 100) is GRANTED IN PART and DENIED IN PART.  Plaintiff may file a second amended complaint adding RCCH as a defendant and converting his ERISA claims to class-action claims.  Plaintiff may not amend his complaint to include the proposed RICO claim.  Plaintiff must remove any language relating to the proposed RICO claim that does not advance his ERISA claims.  Plaintiff must also remove any language previously stricken by this Court, including paragraph 57 of the proposed second amended complaint.

IT IS FURTHER ORDERED that Plaintiff shall, on or before October 6, 2023, file his second amended complaint in a form consistent with this Order.

IT IS FURTHER ORDERED that the preliminary pretrial conference scheduled for September 28, 2023, is VACATED to be reset by future order following the appearance of defendant RCCH and the filing of responsive pleadings to the Second Amended Complaint from all defendants in this matter.

DATED this 26th day of September, 2023.

Dana L. Christensen, District Judge
United States District Court